

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RECEIVED
JUN 26 2009

FORM FOR USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254
(eff. 12/1/04)

Tailey S. Zeyon

(Full Name)   (Include name under which you were convicted) _____ PETITIONER

vs.                    Case No. 09-cv-2886

(Supplied by the Court)

David Pitkins, Superintendent – Commonwealth of PA
(Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner) RESPONDENT
                                    and
THE DISTRICT ATTORNEY OF THE COUNTY OF _Philadelphia_
                                    and
THE ATTORNEY GENERAL OF THE STATE OF _Pennsylvania_

ADDITIONAL RESPONDENT

Tailey S. Zeyon                    FC-8915
Name                              Prison Number

SCI-Laurel Highlands, 5706 Glades Pike, P.O. Box 631, Somerset, PA 15501-0631
Place of Confinement

(If petitioner is attacking a judgment which imposed a sentence to be served in the future,
petitioner must fill in the name of the state where the judgment was entered. If petitioner has a
sentence to be served in the future under a federal judgment which he wishes to attack, he should
file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

INSTRUCTIONS–READ CAREFULLY

1. You must include all potential claims and supporting facts for which you might desire to
seek review because a second or successive habeas corpus petition cannot be filed except under very
specific and rare circumstances requiring certification by the Third Circuit Court of Appeals as set
forth in instruction # 13.

2. Your habeas corpus petition must be filed within the 1-year statute of limitations time limit
set forth in 28 U.S.C. §2244(d)(1). (There are limited circumstances in which the petition may be
amended, within the one-year time period, to add additional claims or facts, see Federal Rules of

Civil Procedure 15; or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, see United States v. Thomas, 221 F. 3d 430 (3d Cir.2000.)

3. Any false statement of a material fact in your petition, in a motion for leave to proceed in forma pauperis, or in any other motion you file in this case may serve as the basis for prosecution and conviction for perjury.

4. This petition must be typewritten, printed, or legibly handwritten and signed by you as the petitioner or by your representative on Page 11. You should answer all questions concisely in the proper space of the petition. If you need more room to answer any question, you may write on the reverse blank sides of the petition.

5. You may not attach additional pages to the petition. You do not have to list or cite the cases or law that you are relying on. If you do want to cite the cases and law you are relying on and make legal arguments, you should do so in a separate concise brief or memorandum which should be filed along with the petition.

6. When you file your petition, you must include a filing fee of $5.00. If you cannot pay the full filing fee, you must request permission to proceed in forma pauperis as explained in instruction # 8.

7. Your petition will be filed if you have followed these instructions and it is in proper order.

8. To request permission to proceed in forma pauperis without paying the full filing fee, you must completely fill out pages 12 through 18 of the petition. You should answer all questions and sign where indicated on Pages 12 and 18. You should see to it that an authorized prison official completes the certification on Page 19. You must prove that you cannot pay the full filing fee and other costs because of poverty and a discharge in bankruptcy will not excuse you from this requirement. The Court will let you know if you may proceed in forma pauperis.

9. Only final judgments entered by one state court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

10. As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition. 28 U.S.C. § 2254(b)(2) provides that if it is perfectly clear that no colorable claims are presented, the federal court can also deny your petition on the merits.

11. As required by 28 U.S.C. § 2254(e)(1), a federal court, when considering your habeas corpus petition, must deem as correct a determination of fact made by a state court unless you rebut the presumption of correctness by clear and convincing evidence. Under 28 U.S.C. § 2254(e)(2), if

you have failed to develop the factual basis of a claim in state court proceedings, a federal court cannot hold an evidentiary hearing on that claim unless you show that:

> (i) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable, or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.
> You must also show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.

12. As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that *was* presented in a prior habeas corpus petition.

13. As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that *was not* presented in a prior habeas corpus petition unless you show:

> (A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.
> Before such a second or successive petition may be filed in the district court, however, the petitioner must move the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

14. 28 U.S.C. § 2254(i) provides that ineffectiveness of counsel during post-conviction, habeas corpus and P.C.R.A. proceedings in state or federal court may not be grounds for relief in your petition.

15. When the petition is fully completed, the original and four copies must be mailed to the Clerk of the United States District Court, Room 2609, 601 Market Street, Philadelphia, PA 19106. You must return all pages, including these instructions.

# PETITION

**1. (a)** Name and location of court which entered the judgment of conviction under attack:

Court of common pleas, room 609 Criminal Justice Center

   **(b)** Name of Prosecutor: Mr. Berardinelli

   **(c)** Prosecution conducted by District Attorney's Office of philadelphia County

**2. (a)** Date of Judgment of conviction: October 2, 2002

   **(b)** Indictment number or numbers: CP# 0201-05421/1

Term: January

Criminal Case Number: CP-51-CR-010542-2002

**3.** Length of sentence: 3½ -10 years

Sentencing Judge: Anthony J.Defino

**4.** Nature of offense or offenses for which you were convicted: Sexual assault and Indecent assault

x   x

**5.** What was your plea? (Check one)

   (a) Not guilty (✓)   (b) Guilty ( )   (c) Nolo contendere ( )

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

I pleas not guilty to all counts.

**6.** If you pleaded not guilty, what kind of trial?: (Check one)   (a) Jury ( )   (b) Judge only (✓)

**7.** Did you testify at the trial?  Yes (✓) No ( )

**8.** Did you appeal from the judgment of conviction?  Yes (✓) No ( )

**9.** If you did appeal, answer the following:

4

(a) **Name of court:** Court of Common pleas

(b) **Result:** granted

(c) **Date of result and citation, if known:** May 27, 2003 & July 13, 2004

(d) **Grounds raised:** nunc Protunc for reinstament of right for direct appeal.

(e) **If you sought further review of the decision on appeal by a higher state court, please answer the following:**

    (1) **Name of court:** Superivor court of Pennsylvania

    (2) **Result:** Direct appeal denied

    (3) **Date of result and citation, if known:** March 7, 2006

    (4) **Grounds raised:** Ineffectiveness of counsel, insufficency evide

(f) **If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:**

    (1) **Name of court:** None

    (2) **Result:** None

    (3) **Date of result and citation, if known:** None

    (4) **Grounds raised:** · None

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?    Yes (✓) No ( )

11. *If your answer to 10 was "yes," give the following information:*

    (a) (1) **Name of Court:** Court of Common pleas.

        (2) **Nature of proceeding:** P. C. R. A.

X

**(3) Grounds raised:** Ineffictiveness of counsel, for not calling the avaliable character witnesses on the stand  at trial and Insufficiency of ~~xxidemxx~~ evidence

**(4) Did you receive an evidentiary hearing on your petition, application or motion?**
Yes ( )  No (✓)

**(5) Result:** Denied not enough argument

**(6) Date of result:** April 9, 2007

**(7) Did you appeal the result to a higher court?**  Yes (✓)  No ( )

**Court Name(s)** The ~~Superior~~ Superior court of pennsylvania

**Result(s)** Affirm Lower Court decision

**Result Date(s)** May 28, 2009

**(b) As to any second petition, application or motion give the same information:**

**(1) Name of Court:** The Superior of Pennsylvania

**(2) Nature of proceeding:** To allow petitioner to file xxxxxx Pro se

**(3) Grounds raised:** Ineffective assistance of counsel and new appointment of counsel and conflict of interest
~~Denxxxdxxthexexwaxxnoxhearingx~~

**(4) Did you receive an evidentiary hearing on your petition, application or motion?**
Yes ( )  No (✓)

**(5) Result:** Denied, there was no hearing

x x

x x

6

(6) Date of result: May 28, 2009

(7) Did you appeal the result to a higher court?    Yes ✔ No ( )

Court Name(s) Superior court of pennsylvania

Result(s) Denied

Result Date(s) May 28, 2009

(c) As to any third petition, application or motion give the same information:

(1) Name of Court: Superior court of Pennsylvania

(2) Nature of proceeding: Ineffictiveness of counsel and appoinment of new counsel and conflict of counsel and affidavits(PCRA )

(3) Grounds raised: Ineffictiveness of counsel and appointment new counsel and affidavits

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ( )  No (✔)

(5) Result: Denied

x x

x x

(6) Date of result: May 28, 2009

(7) Did you appeal the result to a higher court?    Yes (✔) No ( )

Court Name(s) Superior of Pennsylvania

Result(s) Denied

Result Date(s) May 28, 2009

7

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____  Not applicable

_____  x  x

_____  x    x   x

_____  x  .  x   x

12. State *concisely* every ground on which you claim that you are being held unlawfully. Give specific facts supporting each ground.

*CAUTION:* In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

8

**A. Ground one:** INSUFFICIENCY OF THE EVIDENCE./INEFFECTIVENESS OF COUNSEL, (TRIAL) TO FILE NECESSARY MOTIONS TO PRESERVE SUCH FOR DIRECT APPEAL.

**Supporting FACTS (state *briefly* without citing cases or law):** The evidence was insufficient to convict for several legal reasons. That now clearly includes the evidence of the knowledge of the prosecution. Related to the utilizations of evidence and of testimony fully known to be false. The prosecutor subborned perjury to obtain the conviction illegally.

**B. Ground two:** INEFFECTIVENESS OF TRIAL COUNSEL.

Trial counsel was clearly ineffective in his failures to investigate. Failures to

**Supporting FACTS (state *briefly* without citing cases or law):** utilize the preliminary hearing transcripts that served to demonstrate the witness's acknowledgements of motivation to lie deliberately in order for charges to be brought. Where the witness was clear-ly angry that relationship could not last. Counsel failed to call character witnesses.

**C. Ground three:** CONFLICTS COUNSEL RELATED TO ACTIONS OF SUCH DIRECT APPEAL COUNSEL TO COVER UP HIS VERY OWN INEFFECTIVENESS DURING SUCH DIRECT APPEAL. NON WAIVED.

**Supporting FACTS (state *briefly* without citing cases or law):** Petitioner had the respresentation of A. Charles Peruto, Jr., **whom must be observed with his ENTIRE FIRM AS LAWYER B.,..** This counsel **deliberately sought** to act in a manner that **only served to illegally seek to suppress the equivilent of a DOUGLAS (NO COUNSELL AT ALL) type** of representation on direct appeal. Such counsel never informed his client of such conflicts.

**D. Ground four:**

BANKS, YOUNGBLOOD V. W.V. TYPE PROSECUTORIAL SUPPRESSION OF EXCULPATORY EVIDENCE. WHERE SUCH SUPPRESSION SERVED TO COVER UP SUBBORNATION OF PERJURY.

**Supporting FACTS (state *briefly* without citing cases or law):** The prosecution deliberately and intentionally withheld extremely exculpatory evidence. Where such related to the **PHONE**

THIS PETITIONER RESERVES FOR FOMAN V. DAVIS TYPE AMENDMENT TO PROVIDE ADDITIONAL VERIFICATIONS.

records including; petitioner's witness's and company's (resident), records in the posses-
sion of the prosecutor. The prosecutior relied upon such suppression to subborn perjury.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court,
state or federal, state *briefly* what grounds were not so presented, and give your reasons for not
presenting them: While the prosecution may seek to illegally protect itself via claims

that petitioner failed to fairly present such a claim as D., it is most apparent that

such a position is totally untenable with U.S. Supreme Court instructions. At the very

same time, the prosecution could only seek to implicate all counsel's ineffectiveness as a

means to protect itself. Where such counsels would have to testify under oath under penalty.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the
judgment under attack?        Yes ( )  No (✓)

15. Give the name and address, if known, of each attorney who represented you in the following
stages of the judgment attacked herein:

(a) At preliminary hearing: Mr.David B.Marcial

    David B.Marcial law firm 1518 walnut street suite 802,phil.Pa 19102

(b) At arraignment and plea: Mr.David B.Marcial

    marcial law firm 1518 walnut street ste. 802, philadelphia Pa 19102

(c) At trial: Mr.David B.Marcial

    Marcial law firm

(d) At sentencing: Mr. David B.Marcial

    Marcial law firm

(e) On appeal: A. Charles Peruto jr.

    A.Charles PERUTO jr law firm 2101 Pine street, phila. Pa 19103

(f) In any post-conviction proceeding: A. Charles Peruto jr. law firm

10

2101 pine street, philadelphia, pennsylvania 19103

(g) On appeal from any adverse ruling in a post-conviction proceeding : P C R A

Mr, David W. Barrish law firm, 1333 Race street, Philadelphia

Pennsylvania 19107

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ( )  No (✓)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?    Yes ( )  No (✓)

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) And give date and length of sentence to be served in the future:  none

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?    Yes ( )  No (✓)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___6/24/09___
            Date

_____
Petitioner's Signature or
Signature of Petitioner's Representative

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

Affidavit Accompanying Motion for Permission to Proceed in the District Court and/or on Appeal in Forma Pauperis in Habeas Corpus Cases under 28 U.S.C. Sections 2241 and 2254.

United States District Court for the Eastern District of Pennsylvania

Tailey S.Zeyon
(Plaintiff)

V.

Supt. Pitkins
(Defendant(s))

District Court Case No._____

Affidavit in Support of Motion

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

Signed : _____

Petitioner of Petitioner's Representative

**Instructions**
**Complete all questions in the application and then sign it. Do not leave any blanks. If the answer to a question is "O," "none," or "not applicable" ("N/A"), write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.**

**Date:** June 24, 2009

12